# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2023

Lyle W. Cayce
Clerk

No. 22-20464
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Olotin Alfred Alatan,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-633-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Olotin Alfred Alatan of one count of conspiracy to commit healthcare fraud, eight counts of aiding and abetting healthcare fraud, and one count of engaging in monetary transactions in property derived from specified unlawful activity. On each count, he was sentenced

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to concurrent 120-month terms of imprisonment and three-year terms of supervised release.

Alatan argues that the district court erred in applying (1) a two-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i) for an offense that involved more than 10 victims, and (2) a two-level enhancement under § 2B1.1(b)(11)(C)(i) because the offense involved the unauthorized use of a means of identification unlawfully to obtain another means of identification.[1] We review these arguments, raised here for the first time, for plain error. *See United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010).

Regarding § 2B1.1(b)(11)(C)(i), Alatan argues that he had the authorization of the Medicare beneficiaries in this case to submit claims on their behalf and that he was authorized, as a Medicare provider, to submit Medicare claims for his patients. Thus, he contends, he did not use any patient's means of identification unlawfully or without authorization. He also argues that his use of patient information did not result in the production of any other means of identification. Alatan, however, has not shown that the district court erred in applying the enhancement. *See United States v. Ramirez*, 979 F.3d 276, 282 (5th Cir. 2020); *United States v. Kalu*, 936 F.3d 678, 681 (5th Cir. 2019).

Turning to his challenge to the number of victims, Alatan argues that § 2B1.1(b)(2)(A)(i) and application note 4(E) to that Guideline do not include the Medicare beneficiaries in this case as "victims." His argument is based on his erroneous contention that he did not unlawfully use his patients' means of identification to obtain another means of identification when he submitted fraudulent Medicare claims on their behalf. Our

---

[1] The record does not support Alatan's assertion on appeal that an enhancement under § 2B1.1(b)(2)(B) was applied in this case.

No. 22-20464

precedent forecloses this argument. *United States v. Mazkouri*, 945 F.3d 293, 304-05 & n.3 (5th Cir. 2019). Alatan has shown no error in the application of this enhancement. In any event, the ultimate guidelines number was 120 months due to the statutory maximum which is below what the guidelines would have been even if the two enhancements had not been added.[2]

AFFIRMED.

---

[2] The guidelines range for the offense level of 36, including those two enhancements, for a criminal history of 1 was 188-235, while a guidelines range for the offense level of 32 (had the two two-level enhancements been removed) would be 121-151. Since the maximum sentence was 10 years, the guidelines range would be 120 months under either scenario.